Medrano-Sanchez v. Barr

BIA
Kolbe, IJ
A206 772 805

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        JOHN M. WALKER, JR.,
        DENNY CHIN,
            *Circuit Judges.*
_____

ADAN FRANCISCO MEDRANO-SANCHEZ,
        *Petitioner,*

        v.                                      18-2818
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            William M. Brooks, Immigration
                           Law Clinic, Touro College, Jacob
                           D. Fuchsberg Law Center, Central
                           Islip, NY.

**FOR RESPONDENT:**    Ethan P. Davis, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Adan Francisco Medrano-Sanchez, a native and citizen of El Salvador, seeks review of a September 18, 2018, decision of the BIA affirming an April 20, 2018, decision of an Immigration Judge ("IJ") denying Medrano-Sanchez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adan Francisco Medrano-Sanchez,* No. A 206 772 805 (B.I.A. Sept. 18, 2018), *aff'g* No. A 206 772 805 (Immig. Ct. N.Y. City Apr. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

To obtain asylum or withholding of removal, Medrano-Sanchez was required to establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also* 8 U.S.C. § 1231(b)(3)(A) (withholding); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal). Medrano-Sanchez asserted he would be harmed on account of his membership in the particular social groups of Salvadoran boys aged 15 or older who attend school, eldest sons, or eldest sons who attend school. To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter*

3

*of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see Paloka v. Holder*, 762 F.3d 191, 195-97 (2d Cir. 2014). An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007) (internal quotation marks omitted). "Particularity refers to whether the group is sufficiently distinct that it would constitute a discrete class of persons." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210 (B.I.A. 2014) (internal quotation marks omitted). "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240.

Medrano-Sanchez's proposed groups failed to satisfy the particularity or social distinction requirements. Contrary to his arguments, these requirements have significant overlap and both are within the scope of our review. "Societal considerations . . . will necessarily play a factor in determining whether a group is discrete or is, instead, amorphous." *Paloka*, 762 F.3d at 196 (internal citation and quotation marks omitted); *see Matter of W-G-R-*, 26 I. & N.

4

Dec. at 214-15. "The 'social distinction' and 'particularity' requirements . . . overlap because the overall definition [of a particular social group] is applied in the fact-specific context of an applicant's claim for relief." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 241. "Societal considerations have a significant impact on whether a proposed group describes a collection of people with appropriately defined boundaries and is sufficiently 'particular.'" *Id.*

Medrano-Sanchez's proffered groups, Salvadoran boys aged 15 or older who attend school, eldest sons, or eldest sons who attend school, are all groups whose characteristics are shared by a broad range of individuals of various ages and backgrounds, making the boundaries of the proposed groups too amorphous. *Cf. Ucelo-Gomez,* 509 F.3d at 73. While a shared past experience can unify a particular social group, it does not negate the requirements that the shared experience creates a group with particularity and distinction. *See Koudriachova v. Gonzales*, 490 F.3d 255, 263 (2d Cir. 2007).

As for Medrano-Sanchez's argument that gang members target his proposed groups and therefore influence the

5

perception of these groups by others, he was still required to show that the groups were perceived as distinct groups by society at large. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 ("[A] group's recognition . . . is determined by the perception of the society in question, rather than by the perception of the persecutor."); *Paloka*, 762 F.3d at 196 ("[A] persecutor's perception alone is not enough to establish a cognizable social group."). In sum, given the lack of particularity and social distinction of Salvadoran boys aged 15 and over who attend school, eldest sons, and eldest sons who attend school, we find no error in the agency's determination that Medrano-Sanchez's proposed groups were not cognizable.

Finally, Medrano-Sanchez argues that the agency erred by failing to perform a mixed motive analysis. "[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). We do not reach this issue, because Medrano-Sanchez's failure to establish a cognizable

6

particular social group is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

7